**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5049**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CHRISTOPHER RICHARD DIGHTON,

                Defendant - Appellant.


Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Martin K. Reidinger,
District Judge.  (1:09-cr-00047-MR-1)


Submitted:  September 14, 2011      Decided:  December 2, 2011


Before DAVIS, WYNN, and DIAZ, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Denzil H. Forrester, Charlotte, North Carolina, for Appellant.
Amy Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Richard Dighton appeals the 121-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to conspiracy to manufacture and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). Counsel for Dighton filed a brief in this Court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether: (1) the district court erred in accepting Dighton's guilty plea; and (2) the court imposed an unreasonable sentence. Dighton was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

Prior to accepting a defendant's guilty plea, Fed. R. Crim. P. 11(b)(1) requires the district court to address the defendant in open court and ensure he understands: the nature of the charge against him; any mandatory minimum sentence; the maximum possible sentence, including imprisonment, fine, and term of supervised release; the mandatory special assessment; the applicability of the Guidelines and their advisory nature; his right to an attorney at all stages of the proceedings; his right to plead not guilty; his right to a jury trial with the assistance of counsel; his right to confront and cross-examine witnesses; his right to testify on his own behalf, as well as

2

his right against self-incrimination; any waiver provision in the plea agreement; the court's authority to order restitution; any applicable forfeiture; and the government's right to use any of his statements under oath in a perjury prosecution. Fed. R. Crim. P. 11(b)(1). Additionally, the district court must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The district court must ensure the defendant's plea was voluntary and did not come about as a result of force, threats, or promises. Fed. R. Crim. P. 11(b)(2). The defendant may not withdraw his guilty plea once the court accepts it and imposes a sentence. Fed. R. Crim. P. 11(e).

Because Dighton did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the plea proceeding for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). A defendant's substantial rights are affected if the court determines that the error "influenced the defendant's decision to plead guilty and impaired his ability to evaluate with eyes open the direct attendant risks of accepting criminal responsibility." United

3

States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (internal quotation marks omitted); see also Martinez, 277 F.3d at 532 (holding that a defendant must demonstrate that he would not have pled guilty but for the error).

A review of the record reveals that the district court fully complied with the requirements of Rule 11. The court ensured that Dighton's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. Dighton's counsel questions whether Dighton understood his stipulation to the drug amount in his plea agreement, but the district court sufficiently questioned Dighton about his understanding of the terms of the agreement, and Dighton repeatedly stated that he understood. Accordingly, we hold that the district court did not err in conducting the plea colloquy.

Because Dighton did not request a different sentence than the one ultimately imposed, we review his sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) (2006) factors, selecting a sentence based

4

on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

We conclude that the district court's sentence was both procedurally and substantively reasonable. Dighton's sentence is within the correctly calculated applicable Guidelines range. See U.S. Sentencing Guidelines Manual ("USSG") ch. 5, pt. A (sentencing table) (2009). The court adequately explained its chosen sentence and had a reasoned basis for its decision. Counsel questions whether Dighton was entitled to a sentence reduction for playing a minor role in the offense; however, the district court did not clearly err in finding that Dighton did not meet the requirements of USSG § 3B1.2. See United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002) (standard of review).

In accordance with Anders, we have examined the entire record and find no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny counsel's motion to withdraw as counsel. This Court requires that counsel inform Dighton, in writing, of his right to petition the Supreme Court of the United States for further review. If Dighton requests

5

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dighton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

6